UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CINDY MORA, | ) | Case No. 05-61761-659 |
| | ) | Judge Kathy A. Surratt-States |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| NANCY J. GARGULA, United States Trustee | ) | **Adversary No. 07-4453-659** |
| | ) | |
| | ) | PUBLISHED |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| CINDY MORA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is the United States Trustee's Complaint to Revoke Debtor's Discharge and Debtor's hand-written Answer filed in response to the Complaint. A trial was held on this matter on February 12, 2008, at which Plaintiff appeared by counsel, while Debtor failed to appear. The matter was then taken as submitted to the Court. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

Debtor Cindy Mora (hereinafter "Debtor") filed for bankruptcy protection under Chapter 7 on October 16, 2005. Charles W. Riske was appointed as Chapter 7 Trustee (hereinafter "Chapter 7 Trustee"). Nancy J. Gargula, the United States Trustee (hereinafter "Plaintiff") made the following allegations in her Complaint: Debtor received a discharge in this proceeding. On September 5, 2007, this Court ordered Debtor to deliver $5,008.74, for Debtor's federal and state tax refunds, and attorney's fees of $600.00 for a total sum of $5,608.74 (collectively hereinafter "Refunds"), to the

Chapter 7 Trustee within ten days of the date of the Order. Debtor failed and refused to deliver the Refunds, which are property of the Bankruptcy Estate to the Chapter 7 Trustee and to obey the lawful Order of this Court dated September 5, 2007.

Debtor's hand-written Answer, which was filed after the filing of Plaintiff's Request for Entry of Default Judgment, states in part that Debtor would like to make some arrangement for payments and fails to respond to the allegations in Plaintiff's Complaint. As of the date of the trial, Debtor had not delivered the ordered amount or given any sum of money to the Chapter 7 Trustee. Debtor failed to appear at the trial on this matter. Plaintiff appeared by counsel and provided testimony from the Chapter 7 Trustee.

The Chapter 7 Trustee stated the following: On December 20, 2005, the Chapter 7 Trustee sent a letter to Debtor advising that her bankruptcy case would be held open until Debtor filed her 2005 tax returns and submitted copies of those tax returns to the Chapter 7 Trustee and explained that Debtor had an obligation to surrender property of the Bankruptcy Estate and a duty to cooperate with the Chapter 7 Trustee. The December 20, 2005 letter further explained that although the Court may enter a discharge in her bankruptcy case, the case would not be closed until the Chapter 7 Trustee filed a Report of No Distribution. Also, the Chapter 7 Trustee stated in the December 20, 2005 letter that Debtor was not free to spend the Refunds upon receipt of a discharge order. Plaintiff's Ex. C. On January 3, 2006, Debtor sent a letter to the Chapter 7 Trustee, requesting dismissal of her Chapter 7 case. Plaintiff's Ex. E. By letter dated January 17, 2006, the Chapter 7 Trustee acknowledged receipt of Debtor's January 3, 2006 letter and advised Debtor that a motion to dismiss her case had to be filed with the Bankruptcy Court and strongly suggested that she hire legal counsel to assist her with this matter. Plaintiff's Ex. D. On March 7, 2006, the Chapter 7 Trustee sent a second request for Debtor's 2005 tax returns and reminder of Debtor's obligation to cooperate and surrender property of the Bankruptcy Estate. Plaintiff's Ex. F. By letter dated May 24, 2006, the Chapter 7 Trustee requested surrender of federal and state

tax refunds from Debtor.  Plaintiff's Ex. G.

Plaintiff argues that Debtor failed and refused to deliver the Refunds, which are property of the Bankruptcy Estate, to the Chapter 7 Trustee and Debtor's failure to deliver the Refunds to the Chapter 7 Trustee is a failure to obey a lawful Court Order.  Plaintiff further argues that it is in the best interest of the estate to revoke Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6).

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2007) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. §157(b)(2)(J) (2007).  Venue is proper in this District under 28 U.S.C. §1409(a) (2007).

## CONCLUSIONS OF LAW

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."  FED. R. BANKR. P. 7008(d) (2007).  Here, there is no dispute as to the facts since each allegation in Plaintiff's Complaint is deemed admitted as not having been denied by Debtor.  Plaintiff seeks to revoke Debtor's discharge for Debtor's failure to comply with the September 5, 2007 Order for turnover of the Refunds.

"On the request of the trustee, a creditor or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if…(2) the debtor acquired property that is property of the estate…and knowing and fraudulently failed to…deliver or surrender such property to the trustee; or (3) the debtor committed an act specified in subsection (a)(6) of this section…" 11 U.S.C. §§ 727(d)(2), (d)(3) (2007).

"The court shall grant the debtor a discharge, unless…(6) the debtor has refused, in the case (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify…" 11 U.S.C. § 727(a)(6) (2007).  A "trustee seeking revocation of discharge must

establish that the debtor willfully and intentionally refused to obey the court's order." *In re Ireland*, 325 B.R. 836, 838 (Bankr.E.D.Mo. 2005) citing *In re Cummins*, 166 B.R. 338, 358 (Bankr.W.D.Ark. 1994).

On September 5, 2007 Debtor was ordered by this Court to deliver the Refunds to the Chapter 7 Trustee. Debtor failed to deliver the Refunds or any other amount to the Chapter 7 Trustee. In fact, Debtor admitted that she did not turnover the Refunds to the Chapter 7 Trustee. After this Court issued the Order for turnover of the Refunds and Debtor disobeyed this Court's Order. Plaintiff asserts that Debtor's failure to turnover the Refunds demonstrates her failure to obey a lawful order of this Court. Debtor received the Refunds and knowingly and fraudulently failed to surrender these Refunds to the Chapter 7 Trustee in violation of § 727(d)(2). Furthermore, Debtor willfully and intentionally failed to comply with an Order of this Court to turnover said Refunds to the Chapter 7 Trustee in violation of § 727(a)(6)(A). Therefore, Debtor's discharge will be revoked under §§ 727(d)(2) and (d)(3). By separate Order judgment will be entered in favor of Plaintiff and Debtor's discharge will be revoked.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 15, 2008
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Nancy J. Gargula
Office of U.S. Trustee
111 S. 10th St., Ste. 6353

Martha M. Dahm
Office of U.S. Trustee
111 S. 10th St., Ste. 6353
St. Louis, MO 63102

Cindy Mora
1601 Northridge Place
Wright City, MO 63390